**UNITED–BUCKINGHAM FREIGHT LINES, a corporation, Plaintiff,**

v.

**RISS AND COMPANY, Inc., a corporation, Defendant.**

**Civ. A. No. 8599.**

United States District Court
D. Colorado.

April 21, 1965.

Edward T. Lyons, Jr., Denver, Colo., and George A. Bangs, Rapid City, S. D., for plaintiff.

Blakemore McCarty, Colorado Springs, Colo., for defendant.

ARRAJ, Chief Judge.

This matter is before the Court on plaintiff's motion for summary judgment and motion to strike the "Fourth Defense" of the Amended Answer. Having heard oral argument by counsel, having examined the file and being fully advised in the premises, the Court is of the opinion that both the motion for summary judgment and the motion to strike the "Fourth Defense" should be granted. This conclusion is reached with full awareness that summary judgment is a "drastic remedy", and that it should never be granted if there appears any doubt as to the existence of any triable issues of material fact.

Plaintiff seeks a summary judgment for $200,000, together with interest from and after April 17, 1964. An agreement exists between the parties whereby defendant agreed to sell and plaintiff agreed to purchase certain common carrier operating rights for the sum of $1,000,000. Under the terms of the agreement, plaintiff deposited $200,000, with respect to which the agreement expressly provides:

"It is agreed that should the Interstate Commerce Commission fail or refuse to approve this transaction in a manner acceptable to the parties, then the seller shall return to the buyer said sum of $200,000.00 which is to be refunded within 30 days of the final order of the Interstate Commerce Commission denying or refusing to approve this transaction."

It further appears that the Interstate Commerce Commission has entered a "final order" denying and refusing to approve the transaction; we interpret this to be the effect of Judge Chilson's Order of August 3, 1964, denying defendant's motion to dismiss. Defendant then amended its Answer setting forth a "Fourth Defense", alleging certain breaches of contract on the part of plaintiff. The fourth defense specifically alleges that plaintiff breached the contract by failing to perform certain conditions precedent. Both parties would seem to be in agreement on the present posture of the case, which is that the motion for summary judgment stands or falls with the validity of the fourth defense. Therefore, the question the Court must answer is whether or not the fourth defense is valid as a matter of law. If it is not, then both the motion to strike and the motion for summary judgment should be granted.

The fourth defense asserts essentially that plaintiff breached the contract because it failed to put on evidence concerning its financial ability to make payments on the $800,000 balance of the purchase price and it failed to produce witnesses at the ICC hearing of 1960. The provision of the contract which plaintiff allegedly breached is

"This transaction is subject to approval of the Interstate Commerce Commission. * * * Both parties agree to promptly execute all required applications for the purpose of securing such approval and to furnish promptly all information necessary for the preparation of necessary exhibits and to cooperate fully in the furnishing of such witnesses as may be required at any hearings". (Para. 4, Ex. A)

In analyzing the legal sufficiency of the fourth defense, we must look to the contract in deciding whether the parties intended the $200,000 refund to be subject to certain conditions precedent. Clearly, ICC approval of the contract was a condition precedent, and it would be a fair interpretation of the contract to say that both parties promised to use their best efforts to cause the condition of ICC approval to occur. (para. 4). The contract would appear to be fully integrated and unambiguous, therefore it must be enforced as written.

Construing paragraph 4 as a covenant to cooperate, and even if we should assume that such covenant was breached by plaintiff, there are at least three reasons why the fourth defense is not a legally valid defense to plaintiff's motion for summary judgment.

Firstly, basic contract law supports the position of plaintiff. Any duty to cooperate imposed upon plaintiff by paragraph 4 of the contract is obviously in the nature of an independent covenant, or what may be called a promise rather than a condition. This promise is clearly incidental to the basic subject matter of the contract. Even if it were breached by plaintiff, it would not prevent the refund of plaintiff's $200,000 deposit. To permit such a construction of the covenant, would be to construe it as a condition precedent, the breach of which would result in a forfeiture of plaintiff's $200,-000 deposit. Careful reading of the agreement in question leads to the conclusion that the parties intended only one condition precedent to the return of

the deposit, and that condition was the entry of an order by the ICC denying authority to consummate the contract. It is axiomatic that the law does not favor forfeitures. Therefore, any failure to cooperate that there might have been on the part of the plaintiff clearly could do no more than breach an independent promise, the remedy for which is a suit for damages and not a $200,000 forfeiture of plaintiff's deposit. See Southern Surety Co. v. MacMillan Co., 58 F.2d 541 (10th Cir. 1932), cert. den. 287 U.S. 617, 53 S.Ct. 18, 77 L.Ed. 536 (1932); 5 Williston on Contracts, §§ 663–666 (3rd ed. 1961).

Secondly, plaintiff's motions are supported by a cogent argument it makes with respect to the contract doctrine of waiver. A major portion of defendant's argument that plaintiff breached the covenant to cooperate is directed at plaintiff's alleged failure to produce sufficient witnesses at the 1960 ICC hearing. However, plaintiff points out that subsequent to that hearing and the recommended order, plaintiff and defendant filed a joint petition for further hearing "for the sole purpose of receiving testimony as to the financial condition of the substituted applicant." Now it would seem that on the basis of that petition, defendant was satisfied with the witnesses plaintiff produced at the initial hearing. Plaintiff argues that because the request for further hearing was based on such narrow grounds, defendant has waived any right to assert that part of the fourth defense directed at plaintiff's alleged failure to produce sufficient witnesses. Being able to predicate its ruling on this motion upon other completely solid grounds, we hesitate to make a specific finding of waiver. However, we do not hesitate to state that we find plaintiff's argument persuasive in considering whether or not there is any factual issue to be resolved in this action. If defendant really had been concerned about the sufficiency of plaintiff's witnesses, the petition for further hearing would have been the time to raise it, not as an apparent after-thought, well

subsequent to the filing of the first answer in this action.

Finally, and perhaps the most important reason for granting plaintiff's motions is to be found in the ICC record itself. The ICC gave three specific reasons in its final order as to why it disapproved the entire transaction as being contrary to public interest:

1. The purchase price was excessive;

2. Contrary to defendant's express warranty that it was transporting a "substantial volume" of traffic over the operating rights sold, evidence presented by the defendant at the hearing disclosed that the involved operating rights were substantially dormant;

3. Defendant failed completely to justify its own proposal to retain certain rights to operate in Oklahoma and Texas.

The crux of the fourth defense is that if defendant had cooperated at the 1960 hearing, there might have resulted a different order by the ICC. The enumerated reasons for the order clearly indicate that this is not so. All three reasons are outside the province of plaintiff's control. In fact, two of them are solely attributable to the defendant, and the third was the excessive purchase price, which was integral to the agreement and could not be changed by any unilateral action of either party.

Plainly, if the Court is to deny the summary judgment motion now, it must be on the basis of there existing some factual issue to decide. But resolution of any factual issue significant to plaintiff's claim could be based only on some sort of speculation contrary to the ICC ruling. For the reasons above-stated, primarily basic principles of contract law and the factual posture of this action, there is nothing to be resolved by a trial that cannot be resolved now. It is therefore,

Ordered that plaintiff's motion to strike the "Fourth Defense" of the Amended Answer be, and the same hereby, is granted, and it is further

Ordered that plaintiff's motion for summary judgment be, and the same hereby is, granted.

Plaintiff will prepare a judgment directing defendant to pay to the plaintiff the sum of $200,000, together with interest thereon at the rate of six percent (6%) per annum from and after April 17, 1964, plus plaintiff's costs incurred in this action.